# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00118-MR
# (CRIMINAL CASE NO. 1:09-cr-00069-MR-1)

| | |
|---|---|
| DEANGELO MARQUIS WHITESIDE, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Respondent. | ) |

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motion to Supplement Pleading [Doc. 2]; Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence [Doc. 7]; the Government's Response to the Motion to Vacate [Doc. 10]; and Petitioner's Reply [Doc. 13]. For the reasons that follow, the Court grants the Petitioner's motion to supplement his pleading but denies and dismisses the Motion to Vacate and the Supplemental Motion to Vacate.

## I. FACTUAL BACKGROUND

On June 22, 2009, Petitioner was charged by the Grand Jury for the Western District of North Carolina in a one-count bill of indictment, alleging that he possessed with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:09-cr-69, Doc. 1: Bill of Indictment ]. On August 31, 2009, the Government filed an information pursuant to 21 U.S.C. § 851, providing notice of its intent to seek an enhanced sentence based on a 2002 North Carolina conviction for possession with intent to manufacture, sell, or deliver a controlled substance. [Id., Doc. 8: Information Pursuant to 21 U.S.C. § 851]. On October 22, 2009, Petitioner pled guilty, pursuant to the terms of a written plea agreement, to the one-count bill of indictment. See [Id., Doc. 11: Sealed Plea Agreement]. At his plea hearing, Petitioner acknowledged that the plea agreement included a waiver of the right to contest his conviction or sentence in a post-conviction proceeding with the exception of claims of ineffective assistance or prosecutorial misconduct. [Id., Doc. 12 at 8: Rule 11 Inquiry and Order of Acceptance of Plea].

In Petitioner's presentence report, the probation officer advised that Petitioner faced a mandatory minimum sentence of twenty years in prison, because of the Government's §851 notice. [Id., Doc. 13 at 10: PSR]. The

probation officer also concluded that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1 because Petitioner had a second felony conviction for a controlled substance offense -- a 1999 North Carolina conviction for possession with intent to manufacture, sell, and deliver cocaine. [Id., Doc. 13 at 7]. Based on Petitioner's status as a career offender, the probation officer calculated an advisory guidelines range of imprisonment of 262 to 327 months, based on a total offense level of thirty-four and a criminal history category of VI. [Id., Doc. 13 at 22].

Before sentencing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 based on Petitioner's substantial assistance, recommending that this Court depart downward two levels and sentence Petitioner with reference to an equivalent guideline range of 210 to 262 months' imprisonment. [Id., Doc. 17 at 3: Motion for Downward Departure]. At sentencing, this Court granted the Government's motion, departed downward, and sentenced Petitioner below the otherwise applicable twenty-year mandatory minimum to 210 months in prison. See [Id., Doc. 20: Judgment]. The Court entered judgment on July 20, 2010, and Petitioner did not appeal.

On May 18, 2012, Petitioner filed the instant motion to vacate, which he later supplemented through counsel, requesting that this Court vacate his statutory mandatory minimum sentence and career offender sentences to enter a new sentence that does not include recidivist enhancements under 21 U.S.C. § 841 and U.S.S.G. § 4B1.1. Specifically, Petitioner contends that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), neither of his prior drug offenses qualifies as a felony drug offense under § 841 or as a felony conviction of a controlled substance offense under § 4B1.1. In the supplemental motion to vacte, Petitioner seeks alternative relief under 28 U.S.C. § 2241 and under the writs of error coram nobis and audita querela.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on August 3, 2010, when his time to appeal expired. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Because

Petitioner did not file his motion to vacate until on or around May 18, 2012, his motion is untimely under § 2255(f)(1). Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in <u>Simmons</u> that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. <u>See</u> <u>United States v. Pollard</u>, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" <u>Sun Bear v. United States</u>, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633, at *1 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under § 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred. Even if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

In a Supplement to the Motion to Vacate, Petitioner asserts 28 U.S.C. § 2241 and the writs of error coram nobis and audita querela as alternative grounds for relief from his sentence. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on prior state court convictions that were wrongly used to enhance his sentence. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate.

Petitioner also seeks relief under the writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006)

(unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under § 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, § 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013). Thus, Petitioner can be afforded no relief under the writs of error coram nobis or audita querela.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his

9

sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred. Additionally, Petitioner's alternative grounds for relief are subject to dismissal for the same reason.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition, as supplemented, as untimely. Furthermore, Petitioner is not entitled to relief as to any of his alternative forms of relief.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Supplement Pleading [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence [Doc. 7] are both **DENIED** and **DISMISSED**.

**IT IS SO ORDERED.**   Signed: May 28, 2013

Martin Reidinger
United States District Judge