# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:09-cr-00069-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DEANGELO MARQUIS WHITESIDE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 42].

## I.    BACKGROUND

In October 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).   [Doc. 12: Acceptance of Guilty Plea].  At the time, that offense carried a statutory range of 10 years to life and a minimum supervised-release term of five years. However, because the Government filed a notice of a prior conviction (§ 851 Notice) [Doc. 8], the Defendant faced an enhanced statutory minimum of 20 years to life in prison and a minimum supervised release term of 10 years.

[Doc. 15: PSR at ¶¶ 96, 99]. The PSR concluded that the Defendant was accountable for 1,951.9 grams of powder cocaine and 468.3 grams of cocaine base. [Id. at ¶ 21]. At sentencing, the Court accepted these drug quantities [Doc. 32 at 8] and concluded that the Defendant was a career offender. [Id.]. The Court determined that the Defendant's total offense level was 34 and his criminal history category was VI, [id.], and calculated a Guidelines range calling for 262 to 327 months' imprisonment. The Defendant stipulated that this calculation was correct. [Id. at 8-9; see also Doc. 15: PSR at ¶¶ 33, 97 (applying career-offender enhancement); Doc. 21: SOR]. Upon the Government's motion to depart downward two levels based on the Defendant's substantial assistance, the Court imposed a sentence of 210 months and a supervised release term of ten years. [See Doc. 20: Judgment; Doc. 21: SOR].

Thereafter, the Defendant petitioned to vacate his sentence, arguing that the decision of the Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), rendered invalid the finding that he was a career offender. [Civil Case No. 1:12-cv-00118-MR, Doc. 1]. The Court dismissed the Defendant's petition [id., Doc. 14], and the Court of Appeals affirmed. Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc).

In so holding, the Court of Appeals held that the Defendant's assertion that Simmons should be applied retroactively was procedurally defaulted. "Although Simmons plainly made a collateral attack on Whiteside's sentence more plausible, nothing prevented Whiteside from [timely] filing his petition[.] ... The demands of finality oblige a petitioner to raise those claims that might possibly have merit even where 'he thinks the court will be unsympathetic to the claim....'" Id. at 185 (citation omitted).

The Defendant now moves for a reduction of sentence under the First Step Act. [Doc. 42]. While "not agree[ing] with all the arguments presented in favor of the requested reduction," the Government agrees that this Court "should exercise its discretion to reduce [the Defendant's] sentence to time served." [Id. at 1]. Importantly, however, the Defendant raises anew his argument that he was improperly sentenced as a career offender in light of Simmons.

## II.  DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect.  Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841.  Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams."  Section 3 eliminated the

3

mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019). His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were

"modified by Section 2 . . . of the Fair Sentencing Act."  Further, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.  The Defendant's conviction is a "covered offense" even though he was also held accountable for the distribution of 1,951.9 grams of powder cocaine, which standing alone would not fall within the purview of the First Step Act of 2018.  See United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020).

Based on the Fourth Circuit's decision in United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), reh'g denied (July 8, 2020), the Defendant once again asks the Court to retroactively apply the 2011 Simmons decision to his 2009 conviction.  Just as in his 2012 Petition, the Defendant argues that he no longer has any career offender predicates.  [See Doc. 15: PSR at ¶ 33]. In Chambers, a divided panel of the Court of Appeals held that when considering a motion for reduction of sentence pursuant to the First Step Act of 2018, the Court should apply retroactively the holding of Simmons, in order to determine what convictions properly qualify as career offender predicates. The Court in Chambers did not face a situation where the question of the retroactive application of Simmons to the defendant's case already had been expressly addressed and rejected by the full Court of Appeals in a previous

proceeding. But the Government does not raise this issue here, nor does it argue that the en banc Court's holding is the law of the case as to the application of <u>Simmons</u>. In fact, the Government has not responded in this matter at all, except to the extent that the Defendant's counsel states in his motion that the Government "does not agree with all the arguments presented in favor of the requested reduction, but agrees that this Court should exercise its discretion to reduce [the Defendant's] sentence to time served." [Doc. 42 at 1, 12].

"The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." <u>Jefferson v. Upton</u>, 560 U.S. 284, 301 (2010) (Scalia, J. dissenting) (quoting <u>Carducci v. Regan</u>, 714 F.2d 171, 177 (D.C. Cir. 1983); <u>see also</u> <u>United States v. Sineneng-Smith</u>, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation. As this Court [has] stated ..., in both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") (citations and internal quotation marks omitted). As such, it does not appear to be disputed that the Court should—this time—retroactively apply

6

<u>Simmons</u>, notwithstanding the prior ruling of the Court of Appeals. It is noted that in its en banc opinion, the Court of Appeals said that retroactively applying a case such as <u>Simmons</u> in such circumstances is "[a] step of [such] magnitude [as] would require either an act of Congress or a ruling from the Supreme Court...." <u>Whiteside</u>, 775 F.3d at 186. Apparently, the Government concedes that the <u>Chambers</u> Court has construed the Fair Step Act of 2018 as such an act.

The Defendant argues that removing his career offender designation and recalculating his total offense level based on the drug quantities, and then allowing for a reduction based on the Government's motion for a downward departure, would yield a sentencing range below the Defendant's mandatory minimum sentence of 120 months.[1] The Government apparently does not dispute this, even though it "does not agree with all of the arguments presented in favor of the requested reduction." [Doc. 42 at 1, 12]. Taking those factors into account, the Court finds that the Section 3553(a) factors—including, but not limited to, evidence of post-sentencing rehabilitation[2]—support a sentence of time served. As of August 5, 2020,

---

[1] The Government filed a § 851 Notice which has never been withdrawn. [Doc. 8].

[2] The Court notes that the Defendant has received a few disciplinary actions while in custody, primarily related to the use of drugs/alcohol. [<u>See</u> Doc. 42-1: Email from Probation]. The Defendant, however, has also successfully completed numerous educational programs and work assignments. [<u>Id.</u>].

7

the Defendant has credit for 138 months in BOP custody. [See Doc. 42-1: Email from Probation].

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant's term of supervised release shall be reduced to a period of four (4) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 42] is **GRANTED**, and the Defendant's sentence is hereby reduced to **Time Served plus ten (10) days** and the term of supervised release is hereby reduced to a term of **four (4) years**. All other terms and conditions of the Defendant's Judgment [Doc. 20] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge